IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROGER CLEGG,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>    Defendant. | Case No. 2:09-cv-783-SA<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

    Before the Court is an action filed by Plaintiff, Roger Clegg, asking the Court to reverse the final agency decision denying his application for Disability Insurance Benefits (hereafter "DIB") and Supplemental Security Income (hereafter "SSI") under the Social Security Act. Mr. Clegg challenges the ALJ's decision that Mr. Clegg was able to perform his past relevant work. Having carefully reviewed and considered the ALJ's decision, the record, and the parties' pleadings, the Court concludes that the ALJ's decision is legally sound and supported by substantial evidence.

    The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. *See*

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (citation omitted), and "requires more than a scintilla but less than a preponderance," *Lax*, 489 F.3d at 1084. The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *See Lax*, 489 F.3d at 1084.

Mr. Clegg had the burden at step four to show that he could not engage in past relevant work. *See* 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987). The ALJ cited numerous reasons[1] why she concluded that, despite Mr. Clegg's relatively low earnings in the position, Mr. Clegg's position as dam tender constituted substantial gainful activity. (Doc. 9, the certified copy of the transcript of the entire record of the administrative proceedings relating to Roger Clegg (hereafter "Tr. __") 26-27.) For example, Mr. Clegg's earnings as a dam

---

[1]Contrary to Mr. Clegg's argument, the ALJ properly considered additional information - factors other than those delineated in 20 C.F.R. § 404.1574(b)(3)(ii)(A) and (B) - in considering whether Mr. Clegg engaged in substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(3) (providing "[e]xamples" of other information the Commissioner may consider). As set forth in the Commissioner's brief, *Arshad v. Astrue*, 2009 WL 996055, *5 (S.D.N.Y. 2006), adopted 2009 WK 2742548 (S.D.N.Y. 2009), and *Boone v. Astrue*, 2009 WL 3053692 (W.D. Okla. 2009), do not require otherwise.

2

tender were not significantly below the presumptive substantial gainful activity level, even if the value of his living quarters were not included. (Tr. 26.) Also, the ALJ noted that Mr. Clegg performed that job for three years and performed important job duties that required technical skill, including reading piezometers and checking the dam for leaks, and he was available during and maintained security at night (Tr. 25-27, 101, 193, 199-200); these sorts of responsibilities contributed substantially to the business's operation and Mr. Clegg's ability to maintain and perform the job satisfactorily. The ALJ also considered other appropriate factors in making her finding. *See* 20 C.F.R. § 404.1573(a) and (b).

Moreover, although on one occasion Mr. Clegg made a contrary report (Tr. 101), Mr. Clegg stated several times that he worked seven to eight hours a day (Tr. 80, 85, 199), and given the minimum wage (according to the Commissioner, $5.15 at the time), a person performing full-time work ordinarily will have earnings that reflect substantial gainful activity. While it is unclear why Mr. Clegg received less than minimum wage, his own reports that he performed full-time work further supports the ALJ's conclusion. The ALJ relied on this substantial evidence to appropriately rebut the presumption that Mr. Clegg was not engaged in substantial gainful activity. *See Lewis v. Apfel*, 236 F.3d 503, 515-16 (9th Cir. 2001).

In addition, Mr. Clegg has not shown that this case should be reversed or remanded because the ALJ relied on the testimony of the vocational expert (hereafter "VE"). The ALJ found that Mr. Clegg could perform his past job of dam inspector *as he actually performed it* rather than only how the job is generally performed; therefore, the Dictionary of Occupational Titles (hereafter "DOT") played no role in that aspect of the ALJ's decision. Furthermore, Mr. Clegg has not shown that a conflict exists with the DOT, rendering harmless any error by the ALJ in not asking the VE regarding conflicts. *See Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009). As the Commissioner sets forth in his brief, no conflict exists regarding Mr. Clegg's concern regarding the sit/stand/walk option because the DOT does not address whether jobs afford such an option. (Doc. 15, at 12.)

Having considered the parties' memoranda and the complete record in this matter, the Court concludes that the ALJ's decision is free of legal error and is supported by such relevant evidence as a reasonable mind might accept as adequate to support the ALJ's conclusion. Because the ALJ's decision is supported by substantial evidence, and because Mr. Clegg has not shown that the decision is not free of reversible legal error, that decision is affirmed. *See Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

**ORDER**

Based on the above analysis, **IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED** because it is supported by substantial evidence and is free of reversible legal error.

DATED this 17th day of September, 2010.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge